**STATE of Missouri, Respondent,**

v.

**Paul HONTZ, Appellant.**

**No. WD 33869.**

Missouri Court of Appeals, Western District.

May 24, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 2, 1983.

Robert Beaird, James H. Bell, Quinn, Peebles, Beaird & Cardarella, Kansas City, for appellant.

Weldon W. Perry, Jr., Pros. Atty. of Lafayette County, Lexington, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

CLARK, Presiding Judge.

Appellant Paul Hontz was charged with the offense of stealing, § 570.030, RSMo 1978, convicted and sentenced. He now appeals contending, in a single point, of instruction error. Affirmed.

As to certain facts, the evidence presented to the jury was undisputed. One Finkemeier owned a large John Deere model 4840 farm tractor valued at $50,000.00 which he used to farm acreage in Lafayette County. On the night of March 25, 1981 at approximately 10:00 o'clock, the tractor was taken from the farm by Hontz who used a pickup truck and a triple axle trailer to transport the tractor having a weight of some 30,000 pounds. Finkemeier did not live on the property but a neighbor, alerted by the noise of the diesel engine when Hontz drove the tractor onto the trailer, telephoned Finkemeier's father and then followed Hontz as he drove away. The police were notified and Hontz was intercepted in Odessa within an hour and placed under arrest.

The issue in the case is posed by the testimony which Hontz gave to explain his actions. According to Hontz, he had been contacted a few days before March 25, 1981 by a person giving the name of Henry Callum who said he was in the employ of American Finance Company. Callum sought Hontz's aid in repossessing the John Deere tractor from Finkemeier who, it was asserted, was delinquent in payments to American Finance. Hontz was to be paid a fee of $1,000.00 and was to meet Callum at the junction of Interstate Highway 70 and Route 13 in Higginsville where other equipment would be waiting to transport the tractor to Columbia, the office of American Finance involved in the transaction.

Hontz had no previous acquaintance with Callum and subsequent inquiry of American Finance disclosed no person of that name employed there and no record of any transaction with Finkemeier. A police officer dispatched to the Higginsville junction after Hontz's arrest and the recounting of the repossession engagement found no one there awaiting either Hontz or the tractor.

When instructing the jury, the court gave MAI–CR2d 2.37.3.2, the instruction as to the defense, Mistake: Claim of Right as to

appropriation in stealing. The instruction hypothesized Hontz's claim of an honest belief he had the right to take the Finkemeier tractor because the holder of the security interest had engaged him to conduct the repossession. The instruction cast on the state the burden of disproving the contention. Hontz's complaint is that the state's verdict directing instruction did not contain a cross-reference to the instruction on the special negative defense of claim of right and that the verdict directing instruction was thus in violation of the Notes on Use, MAI–CR2d 2.04. He cites authority for the proposition that the giving of instructions in violation of the Notes on Use constitutes error, the prejudicial effect of which is to be judicially determined.

While we entertain considerable doubt that the omission of the cross-reference in this case resulted in any prejudice, it is unnecessary to decide that question because the instructions which were given accorded Hontz more favorable exposition of the law than he was entitled to require.

■ Section 570.070, RSMo 1978 precludes the conviction of the accused for the crime of stealing if at the time of the appropriation the person acted in the honest belief he had the right to do so. The burden is on the defendant to inject the issue of the claim of right under § 570.070 into the case. Quite apparently, if the issue is not injected, no instruction on claim of right is to be given. In *State v. Quisenberry,* 639 S.W.2d 579 (Mo. banc 1982), the term "inject the issue" was explained. The defendant's burden is to adduce evidence of facts from which, in the context of the entire case, the honesty of the defendant's belief can reasonably be inferred. "The naked assertion of an honest belief in a legal right, unsupported by any evidence of facts or circumstances from which such a belief might reasonably be inferred, is insufficient to satisfy the defendant's burden of injecting the issue of claim of right under § 570.070." *Quisenberry* at page 585.

In *Quisenberry,* the defendant was accused of acting with others in the theft of pelts from the home of an uncle of one of those who participated. According to Quisenberry, he believed his companion had a right to the pelts because the latter was owed money by the uncle. Quisenberry did not himself take an active part in the theft but he did participate in selling the pelts and received some of the proceeds. The companion testified and confirmed what he had told Quisenberry about the debt and his entitlement to take the pelts in recompense. The opinion holds that the issue was not injected into the case by the testimony of Quisenberry and his companion because there was no other evidence of any facts or circumstances on which such a belief could honestly have been based.

■ In the present case, the only evidence of Hontz's employment to repossess the tractor was his own statement, the credibility of which was severely in doubt because no confirmation existed from any source. Moreover, it was implausible that Hontz, with experience himself in the farm implement business, would undertake extrajudicial recovery of a valuable item of equipment without any documentation of his authority to act and with no demonstration or verification of the basis on which the creditor asserted a right to possession of the equipment.

The gist of *Quisenberry* on the point is found in the following statement: "To warrant submission of the claim of right defense, there must be, apart from testimony of the defendant or principal as to his subjective belief, sufficient evidence to enable the court to infer that the relevant person *honestly* held that belief." *Quisenberry* at page 584. As the dissent in *Quisenberry* points out, the majority opinion requires that the defendant produce evidence which passes judicial scrutiny as to credibility before the special negative defense of claim of right is injected into the case. The statement by the defendant alone without confirmation from attendant facts and circumstances lending "color" to the claim will not suffice.

If anything, the claim by Hontz here is less substantial and more bereft of collateral support than was the defendant's contention in *Quisenberry.* Assuming entitlement of the court to pass upon the issue of credi-

bility in the limited context of § 570.070, RSMo 1978 and the injection of the issue of claim of right, we are obliged to hold that Hontz did not sustain the burden of demonstrating an honest belief that he had a right to take the tractor. The only evidence presented to inject the issue was Hontz's testimony and, under *Quisenberry,* the defense submission of claim of right is not to be given where the unadorned self-serving statements by the defendant lack support in any other evidence in the case.

It follows from the above that Hontz was not entitled to the special negative defense instruction which was given in the form of MAI–CR2d 2.37.3.2. By that instruction, the state was required to assume a greater burden of proof than was necessary to obtain a conviction and, concurrently, Hontz enjoyed an additional advantage. He may not now validly complain that the instruction to which he was not entitled was not cross-referenced in the state's verdict directing instruction. The point to this effect, on which this appeal is based, is denied.

The conviction and sentence are affirmed.

All concur.